UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SPARKS POLICE PROTECTIVE ASSOCIATION,<br><br>                  Plaintiff,<br>v.<br><br>CITY OF SPARKS and BRIAN ALLEN in his capacity as Chief of Police.,<br><br>                  Defendants. | Case No. 3:16-cv-00681-MMD-WGC<br><br>ORDER<br>(Mot. For Temporary Restraining Order – ECF No. 4) |

      Plaintiff Sparks Police Protective Association ("SPPA") filed a motion for temporary restraining order ("Motion") to prevent Defendants from requiring one of its members, a Sparks Police Department ("SPD") Officer, to notify prosecutors about the results of an Internal Affairs investigation ("the Investigation"). (ECF No. 4.) The Court granted SPPA's request for a shortened briefing schedule. (ECF No. 5.) The Court has reviewed Defendants' responses (ECF Nos. 7, 8.) and determined that a reply is not warranted.

      The Officer, who SPPA calls Officer Doe, was investigated by Internal Affairs after an incident involving Officer Doe returning a broken coffee maker to a retailer while on duty. The Investigation resulted in a report ("Report") which concluded that Officer Doe had violated department policies, specifically including policies entitled "Neglect of Duty" and "Promotion of Integrity." (ECF No. 4-1; ECF No. 7 at 2.) Defendant Brian Allen, Chief of the SPD, asked the City of Sparks' Attorney's Office ("City Attorney") for a legal opinion regarding the *Brady-Giglio* implications of the Investigation and Report. (ECF No. 4-1.)

The City Attorney concluded that Officer Doe and the SPD would be required to notify a prosecuting agency about the Investigation and Report every time Officer Doe acts as a witness. (*Id.*) On May 16, 2016, Chief Allen sent a letter to Officer Doe informing him of the City Attorney's opinion and instructing Officer Doe to notify prosecuting agencies of the violations. Chief Allen also informed Officer Doe that he had already notified the Sparks City Attorney's Office, the Washoe County District Attorney's Office, and the U.S. Attorney's Office of the potential *Brady-Giglio* issues. (*Id.*)

SPPA argues that no procedure exists through which to challenge the order in the May 16 letter, and therefore Officer Doe has been deprived of the due process guaranteed to him under the Nevada and United States Constitutions. SPPA contends that the requirement to disclose the policy violations is "a definite threat to Officer Doe's career which amounts to an unlawful taking of his property by a government agency." (ECF No. 4 at 11.) This is because according to SPPA, being labelled a "Brady cop" — presumably a police officer who must report misconduct on his or her record — is bad for his career. (ECF No. 1 at 14.)

In response, Defendants argue that they are bound by *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and Ninth Circuit law applying those cases. (ECF No. 7 at 4-5.) Any reputational injury that Officer Doe may suffer, Defendants argue, is speculative. (*Id.* at 6.) Furthermore, even assuming Officer Doe suffers harm to his reputation, that does not amount to any recognized property interest that would trigger procedural due process concerns. (*Id.*) Defendants also point out that granting SPPA its requested relief means denying due process to the criminal defendants against whom he testifies, essentially kicking the constitutional can down the road. (*Id.* at 9.)

"An injunction is a matter of equitable discretion and is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (internal quotation marks omitted).

The Court may issue a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65. The standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F. 3d 832, 839 n.7 (9th Cir. 2001). Thus, in order to obtain a TRO, a plaintiff must show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, an injunction may issue under the "sliding scale" approach if there are serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor, so long as plaintiff still shows a likelihood of irreparable injury and that an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). "Serious questions are those which cannot be resolved one way or the other at the hearing on the injunction." *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 926–27 (9th Cir. 2003) (internal quotation marks omitted) (citing *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)). They "need not promise a certainty of success, nor even present a probability of success, but must involve a 'fair chance of success on the merits.'" *Marcos*, F.2d at 1362.

In applying the factors required under *Winter*, 555 U.S. at 20, and *Alliance for the Wild Rockies*, 632 F.3d at 1134-35, and in deciding whether to issue TRO, the Court finds and concludes as follows.

1. SPPA has not shown either a likelihood of success on the merits or a combination of serious questions on the merits and a clear balance of hardships in its favor. SPPA is correct that courts have recognized both liberty and property interests in pursuing one's chosen profession. *See, e.g.*, *Schware v. Bd. of Bar Exam. of State of N.M.*, 353 U.S. 232, 238, (1957). However, SPPA does not allege that Officer Doe was terminated from his position as a police officer or denied the ability to become a police officer at all. Nor is SPPA challenging the procedures underlying conclusions from the Investigation and Report (at least, not in the case currently before this Court). Rather,

SPPA alleges that following Chief Allen's order, which is based on the City Attorney's opinion, may affect Officer Doe's career prospects. SPPA has not provided, nor can the Court find, any case law standing for the proposition that an obligation to disclose one's disciplinary record, rather than the procedures creating the disciplinary record in the first place, implicate a protected interest that triggers procedural due process rights. At best, SPPA's argument is novel. However, as discussed below, even if the Court found that it raised important unresolved legal questions, the balance of hardships weighs against SPPA and Officer Doe.

2.  SPPA has not demonstrated an immediate threat of irreparable harm if the status quo is not maintained. Chief Allen's letter was sent to Officer Doe in May of 2016. The letter indicates that Chief Allen has already notified local prosecutorial agencies about potential *Brady* and *Giglio* issues related to Officer Doe's disciplinary record. (ECF No. 4-1.) Furthermore, Defendants suggest that Officer Doe has been subpoenaed to testify in 12 other occasions since Chief Allen ordered him to disclose the results of the Report. (ECF No. 8 at 3; ECF No. 8-1 ¶2.) Even setting aside Defendants' allegation about Officer Doe's repeated court appearances, the record indicates that local prosecutorial agencies are already aware of the information SPPA seeks to protect. In addition, almost 7 months passed between the letter and SPPA's Motion, rendering any claims of immediate harm stemming from the letter suspect.

3.  The potential harm to Defendants if a TRO is issued is substantial and outweighs the potential harm to SPPA and Officer Doe. As Defendants correctly argue, SPPA's Motion asks the Court to withhold potential *Brady* material from criminal defendants — itself a constitutional violation — and will create potential rippling adverse effects on the prosecution of these criminal cases, including obtaining guilty verdicts that may be subsequently reversed on appeal. Granting the TRO would force Defendants into the dilemma of choosing between knowingly violating criminal defendants' rights or refusing to cooperate with prosecutions and protecting Officer's Doe's reputation pending

///

resolution of this case on the merits. In sum, a balance of the equities tips against SPPA and Officer Doe.

4. The public interest is served by allowing the SPD and any prosecutorial agencies with whom they partner to comply with the requirements of *Brady* and *Giglio*. Therefore, SPPA's TRO request would not serve the public interest.

Accordingly, Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 4) is denied.

DATED THIS 21st day of December 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE